## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | 8:05CR163 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| **JAZMIN CERNA,** | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

On September 13, 2005, defendant Jazmin Cerna (Cerna), together with her counsel, Deborah D. Cunningham, appeared before the undersigned magistrate judge and was advised of the charges, the penalties and the right to appear before a United States District Judge. After orally consenting to proceed before a magistrate judge, Cerna entered a plea of guilty to Counts I and III of the Indictment.

After being sworn, Cerna was orally examined by the undersigned magistrate judge in open court as required by Federal Rule of Criminal Procedure 11. Cerna also was given the advice required by that Rule. Finally, Cerna was given a full opportunity to address the court and ask questions.

Counsel for the government and counsel for Cerna were given the opportunity to suggest additional questions by the court. Moreover, both counsel orally certified that they were of the opinion that the plea was knowing, intelligent and voluntary, and that there was a factual basis for Cerna's pleas of guilty to Counts I and III of the Indictment.

Therefore, I find and conclude that: (1) the pleas are knowing, intelligent, and voluntary; (2) there is a factual basis for the pleas; (3) the provisions of Rule 11 and any other provisions of the law governing the submission of guilty pleas have been complied with; (4) a petition to enter a plea of guilty, on a form approved by the court, was completed by Cerna, Cerna's counsel and counsel for the government, and such petition was placed in the court file; (5) the plea agreement is in writing and is filed in the court file; (6) there were no other agreements or stipulations other than as contained in the written plea agreement other than the government

agreed to be bound by the plea agreement even though the $100 Special Assessments have not been paid at the time of the plea.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

1. She accept the guilty pleas and find the defendant, Jazmin Cerna, guilty of the crimes set forth in Counts I and III of the Indictment to which Cerna tendered a guilty plea;

2. She not accept the written plea agreement at this time as it contains a provision under Fed. R. Crim. P. 11(c)(1)(C), but rather she consider the agreement at the time of sentencing.

**ADMONITION**

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 13th day of September, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge